# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2020

No. 18-51075

Lyle W. Cayce
Clerk

BRADLEY BARTON,

Plaintiff-Appellant

v.

D. BUCKNER, in his official capacity and individual capacity, Department's
State Classification Committee; CALVIN PAGE; RONALD GIVENS; STATE
CLASSIFICATION COMMITTEE; BRIAN COLLIER,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-119

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:*

Bradley Barton, Texas prisoner # 1680744, moves this court for leave to
proceed in forma pauperis (IFP) in his appeal from the dismissal of his 42
U.S.C. § 1983 suit wherein he sought declaratory and injunctive relief under
the Religious Land Use and Institutionalized Persons Act (RLUIPA) and for
damages for constitutional violations related to the practice of his religion and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

his housing assignment.  The district court dismissed Barton's RLUIPA claims as moot and dismissed his Eighth Amendment claims for damages pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a nonfrivolous claim.  As an additional basis for dismissal, or in the alternative, the district granted the defendant's motion for summary judgment and dismissed Barton's suit for failure to exhaust administrative remedies.  The district court denied Barton leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

Barton's IFP motion is construed as a challenge to the district court's certification decision.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  This court's inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).  Probable success on the merits is not required.  *Id.*

If this court upholds the trial court's certification and the appellant persists in taking an appeal on the merits, he must pay the full appellate filing fees and costs within 30 days or his appeal will be dismissed for want of prosecution.  *Baugh*, 117 F.3d at 202.  This court may determine the merits of a litigant's appeal "where the merits are so intertwined with the certification decision as to constitute the same issue."  *Id.*  If the appeal is frivolous, this court may dismiss it sua sponte.  *Baugh*, 117 F.3d at 202 n.24; *see* 5TH CIR. R. 42.2.

In his brief before this court, Barton challenges the district court's merits decisions on his religious and Eighth Amendment claims.  He does not address the district court's alternate basis for dismissal, the failure to exhaust administrative remedies.  Although this court applies less stringent standards

to parties proceeding pro se than to parties represented by counsel and liberally construes briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). This court "will not raise and discuss legal issues that [Barton] has failed to assert." *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). By failing to address the district court's alternative basis for dismissing his suit, he has abandoned the issue on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Because Barton has abandoned any challenge to the district court's dismissal of his action for failure to exhaust, he fails to show that he will raise a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *see* 5TH CIR. R. 42.2.

A prisoner who has had three or more of his prior civil actions or appeals dismissed as frivolous or for failure to state a claim is precluded from proceeding IFP in subsequent civil actions or appeals. § 1915(g). The dismissal of this appeal as frivolous counts as a strike under § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Accordingly, Barton is warned that if he accumulates two additional strikes, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.